THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORIS LEE, Administratrix of the | : | |
| Estate of Herbert M. Lee, Deceased, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:21-CV-784 |
| | : | (JUDGE MARIANI) |
| UNITED STATES OF AMERICA d/b/a | : | |
| WILKES-BARRE VETERANS | : | |
| ADMINISTRATION MEDICAL CENTER, | : | |
| UNITED STATES OF AMERICA d/b/a | : | |
| MANHATTAN VETERANS | : | |
| ADMINISTRATION MEDICAL CENTER, | : | |
| and MARTA CHAPLYNSKY- | : | |
| SAMUELSON, M.D., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Defendant Dr. Marta Chaplynsky-Samuelson's Motion to
Dismiss Defendant Marta Chaplynsky-Samuelson, MD, Pursuant to Federal Rule of Civil
procedure 12(b)(5) (Doc. 17) and Plaintiff's Motion for Enlargement of Time to Serve
Defendant, Marta Chaplynsky-Samuelson, MD, Pursuant to Federal Rule of Civil Procedure
4(m) (Doc. 21). For the reasons stated below, the Court with deny Defendant Dr. Chaplynsky-
Samuelson's Motion to Dismiss and grant Plaintiff's Motion for Enlargement of Time.

## II. FACTUAL BACKGROUND

Plaintiff commenced the above-captioned action on April 29, 2021, with the filing of her Complaint (Doc. 1). Prior to filing the Complaint, Plaintiff used the licensed private investigators Accident Investigative Services to identify the verified address for Dr. Chaplynsky-Samuelson. (Doc. 18-4, Ex. A at 2). Accident Investigative Services, Inc. identified 41922 North Mill Drive, Magnolia, Texas as Dr. Chaplynsky-Samuelson's address. (*Id.*) However, the investigator noted that he was "unable to verify the address" for Dr. Chaplynsky-Samuelson. (*Id.*). The investigator summarized his efforts, including researching Texas driving and motor vehicle records, which listed the same Magnolia, Texas address for Dr. Chaplynsky-Samuelson. (*Id.*). His research further indicated that the deeded owner of 41922 North Mill Drive is Lucas Duvall, and his research from utility records showed a cell phone registered to Marta Chaplynsky-Samuelson associated with a New Jersey address. (*Id.*). Plaintiff used this information to serve Dr. Chaplynsky-Samuelson at 41922 North Mill Drive, Magnolia, Texas once she filed her Complaint. The details of Plaintiff's attempts to serve her are detailed below.

In response to an Order of this Court, Plaintiff filed an Affidavit of Service in which Plaintiff affirms that "a true and correct copy of the Service of Summons and Request to Waive Service of a Summons with Waiver of the Service of Summons and Complaint [Doc. 2-1 and Doc. 1, respectively] was served upon Defendant, Marta Chaplynsky-Samuelson, M.D. on May 5, 2021 by Federal Express at 41922 North Mill Drive, Magnolia, TX 77354."

2

(Doc. 11 at 1).  The Affidavit further states that Plaintiff received a delivery confirmation from Federal Express ["FedEx"] "evidencing service of the Notice of a Lawsuit and Request to Waive Service of a Summons with Waiver of the Service of Summons and Complaint." (*Id.*).  As indicated by the delivery confirmation from FedEx, delivery of the documents did not require a signature.  (*See id.* at 50 ("Signature not required")).

After a "reasonable amount of time had lapsed" without receiving a returned Waiver of Service from Dr. Chaplynsky-Samuelson, Plaintiff sent Dr. Chaplynsky-Samuelson the summons and complaint via FedEx.  (Doc. 18-1 at 3; Doc. 18-6, Ex. C).  Plaintiff again sent the documents without requiring a signature from the recipient upon delivery.  (Doc. 18-6, Ex. C at 2 ("Signature not required")).

In addition to sending the required documents through FedEx, Plaintiff attempted to personally serve Defendant via a Texas deputy constable.  (*See* Doc. 13).  The form filed with the Court by the deputy constable on July 7, 2021, states that the summons could not be executed because "Marta Chaplynsky-Samuelson does not live at location."  (*Id.* at 1). After the filing of this form indicating Dr. Chaplynsky-Samuelson does not live at 41922 North Mill Drive, Magnolia, Texas, the same address to which Plaintiff mailed the documents via FedEx, Plaintiff took no further action to confirm Dr. Chaplynsky-Samuelson was properly served.

Although the Texas deputy constable returned the summons as unexecuted, individuals acting on behalf of Dr. Chaplynsky-Samuelson reached out to Plaintiff's counsel

on numerous occasions, indicating that Dr. Chaplynsky-Samuelson received the documents.  Plaintiff received voicemails and emails from Dr. Chaplynsky-Samuelson's adult daughter and from attorneys who did not represent Dr. Chaplynsky-Samuelson in this matter, but still reached out to Plaintiff's counsel on her behalf.  (Doc. 18-8, Ex. E; Doc. 18-9; 18-10, Ex. G; Doc. 18-13, Ex. J).  According to Plaintiff, Dr. Chaplynsky-Samuelson's daughter spoke with Plaintiff's counsel's paralegal and "acknowledged receipt of Plaintiff's FedEx package containing the Complaint and Notice of Waiver that was sent in early May and advised she had contacted Wilkes-Barre VA upon receipt" and "acknowledged receiving Plaintiff's second FedEx package containing the Summons and Complaint and indicated she had communicated three to four times with Wilkes-Barre VA's Risk Management and VA Attorney Black regarding the instant matter."  (Doc. 18-1 at 4).  Furthermore, Dr. Chaplynsky-Samuelson's daughter stated that "Wilkes-Barre Risk Management and VA Attorney Black advised her not to do anything and that they would handle the matter."  (Id.).  Her daughter also emailed Plaintiff's counsel to inform them that Dr. Chaplynsky-Samuelson "received notification of the case" and of Dr. Chaplynsky-Samuelson's insurance coverage.  (Doc. 18-9, Ex. F at 3).  Overall, Plaintiff's counsel corresponded with Dr. Chaplynsky-Samuelson's daughter, opposing counsel, and attorneys on behalf of Dr. Chaplynsky-Samuelson before the filing of the instant Motion to Dismiss.

After months of corresponding with multiple individuals about the status of Dr. Chaplynsky-Samuelson's counsel, insurance coverage, and other preliminary matters,

4

Plaintiff sent a default letter to Dr. Chaplynsky-Samuelson at the 41922 North Mill Drive, Magnolia, Texas address. (Doc. 18-12, Ex. I). On February 21, 2022, Plaintiff's counsel spoke with Joseph McNulty who said Dr. Chaplynsky-Samuelson's family contacted him about representation in this matter but he was unable to represent her. (Doc. 18-1 at 6; Doc. 18-13, Ex. K). Although unable to represent Dr. Chaplynsky-Samuelson, Mr. McNulty requested that "Plaintiff refrain from taking any default against her for 30 days" and "Plaintiff's counsel agreed as a professional courtesy." (*Id.*).

On March 4, 2022, Zachary Fowler entered his appearance on behalf of Dr. Chaplynsky-Samuelson in the instant action. (Doc. 15). That same day, Dr. Chaplynsky-Samuelson filed her Motion to Dismiss for lack of service. (Doc. 17).

### III. ANALYSIS

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may move to dismiss when a plaintiff fails to effectuate proper service. FED. R. CIV. P. 12(b)(5). "In resolving a motion under Rule 12(b)(5), the party making service has the burden of demonstrating its validity when an objection to service is made." *Martin v. OSHA*, 2017 WL 1326212, at *2 (E.D.Pa. Apr. 11, 2017).

To effect service on an individual, Federal Rule of Civil Procedure 4(e) provides:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:

(1) following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

> (A) delivering a copy of the summons and the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usually place of abode with someone of suitable age and discretion who resides there; or

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). Rule 4 also specifies the time frame in which a defendant must be served:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure , the court must extent the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Here, Plaintiff had ninety days after filing her complaint to properly serve Dr. Chaplynsky-Samuelson. (*Id.*).  In her Motion to Dismiss, Dr. Chaplynsky-Samuelson contends that she was not properly served within ninety days of the filing of the complaint and she should be dismissed from the action.  (Doc. 17-1 at 4).  Plaintiff, on the other hand, argues that Dr. Chaplynsky-Samuelson was properly served within the time allotted under Rule 4(m) and there are no grounds for dismissal.  (Doc. 18-1 at 8).

Dr. Chaplynsky-Samuelson's Motion focuses on service effectuated via Rule 4(e)(1), which permits service by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).  She argues that "[r]egardless of whether Pennsylvania or Texas choice of law applies for purposes of service of original process, Plaintiff has not effectuated service on Dr. Chaplynsky-Samuelson."  (Doc. 17-1 at 4).

It appears that Plaintiff does not contest Dr. Chaplynsky-Samuelson's argument that service was not proper under Rule 4(e)(1).[1]  Instead, Plaintiff argues that Dr. Chaplynsky-Samuelson was properly served pursuant to Rule 4(e)(2)(B).  (Doc. 18-1 at 7-8).  Rule 4(e)(2)(B) permits which permits service by "leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  FED. R. CIV. P. 4(e)(2)(B).  According to Plaintiff, a copy of the summons and complaint, in addition to the notice and request to waive service and waiver of service, were received by Dr. Chaplynsky-Samuelson's daughter at Dr. Chaplynsky-Samuelson's "verified address and the address for which she was a licensed driver," and this satisfied the requirements of Rule 4(e)(2)(B).  (Doc. 18-1 at 8).

---

[1] The Court notes that service was not proper pursuant to Fed. R. Civ. P. 4(e)(1) because Plaintiff's method of service did not satisfy the service of process rules in Pennsylvania or Texas.  Pennsylvania requires that service by mail take place "by a form of mail requiring a receipt signed by the defendant or his authorized agent."  PA. R. CIV. P. 403.  Plaintiff did not send the summons and complaint "by a form of mail requiring a receipt signed by the defendant."  (Doc. 18-5, Ex. B; Doc. 18-6, Ex. C).  Texas requires that service by mail occur "by registered or certified mail, return receipt requested."  TX. R. CIV. P. 106(2).  Plaintiff did not send the complaint and summons "registered or certified mail, return receipt requested."  Accordingly, service was not effectuated by Rule 4(e)(1).

On June 2, 2021, Plaintiff's counsel filed an Affidavit of Service representing that "a true and correct copy of the Notice of a Lawsuit and Request to Waive Service of a Summons with Waiver of the Service of Summons and Complaint [Doc. 2-1 and Doc. 1, respectively] was served upon Defendant Marta Chaplynsky-Samuelson, M.D. on May 5, 2021 by Federal Express[.]"  (Doc. 11 at 1 (emphasis omitted)).  Plaintiff also sent the complaint and summons a second time on June 14, 2021.  (*See* Doc. 18-6, Ex. C).  The Court agrees with Plaintiff that "the evidence clearly demonstrated that the Complaint was received by Defendant's adult daughter."  (Doc. 18-1 at 8).  However, the fact that Dr. Chaplynsky-Samuelson's daughter eventually received the documents is not the procedure contemplated for service of process under Rule 4.  Rule 4(e)(2)(B) requires that a copy of the summons and complaint be left "with someone of suitable age and discretion who resides" in the dwelling or abode of the individual being served.  FED. R. CIV. P. 4(e)(2)(B).  Dr. Chaplynsky-Samuelson's daughter does reside at 41922 North Mill Drive, Magnolia, Texas (Doc. 17-1 at 2), but Dr. Chaplynsky-Samuelson herself allegedly did not reside at the address in May and June of 2021 because she "was either living in New York or Philadelphia, working locum tenens physician jobs."  (*Id.*).  In addition, none of the evidence before the Court shows with whom FedEx left the documents because the delivery did not require the recipient to sign for the documents.  (*See* Doc. 18-5, Ex. B; Doc. 18-6, Ex. C).

Moreover, there is sufficient evidence that Dr. Chaplynsky-Samuelson was aware of the above-captioned action.  (*See, e.g.,* Doc. 18-9, Ex. F at 3 ("My mother Marta

Chaplynsky Samuelson received notification of the case Nancy Lee v. United States.")).

However, awareness of the action is insufficient to effectuate proper service under Rule 4.

*Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996) ("[A]lthough it is true that

one of the purposes of the rules regarding service of process is to provide notice, *Grand*

*Entertainment Group Ltd. v. Star Media Sales inc.*, 988 F.2d 476, 486 (3d Cir. 1993), this

court has made clear that 'notice cannot be itself validate an otherwise defective service.").

      Because there are outstanding questions regarding the place in which Dr.

Chaplynsky-Samuelson resided and with whom FedEx left the documents, the Court is

unable to find that Plaintiff properly served Dr. Chaplynsky-Samuelson in accordance with

Rule 4.  Plaintiff filed her Complaint (Doc. 1) on April 29, 2021.  As it is now July of 2022,

the 90-day time limit to effectuate service promulgated in Rule 4(m) has long since passed

without Plaintiff having properly served Dr. Chaplynsky-Samuelson.  Therefore, while actual

notice is relevant, notice, by itself, cannot be used as a substitute for proper service.

      Because Plaintiff did not properly serve Dr. Chaplynsky-Samuelson within 90-days

as required by Rule 4(m), the Court must now determine whether there exists good cause to

extend the time for Plaintiff to serve Dr. Chaplynsky-Samuelson or, if there is not good

cause, whether the Court should grant the extension in its sound exercise of discretion.

*See* FED. R. CIV. P. 4(m) ("But if the plaintiff shows good cause for the failure [to properly

serve the defendant within 90 days], the court must extend the time for service for an

appropriate period.").

> [The Third Circuit] has developed a two-pronged inquiry to determine whether the grant of an extension of time in which to serve is proper under Rule 4(m). First, the district court must determine whether good cause exists for the failure to have effected service in a timely manner. If so, the extension must be granted. If good cause has not been shown, however, the court still may grant the extension in the sound exercise of its discretion. *See MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

*McCurdy v. Am. Bd. Of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998); *see also Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 115 (3d Cir. 2009).

Typically, courts consider three factors to determine whether good cause exists: "(1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve." *Bailey v. Harleysville Nat. Bank & Trust Co.*, 2005 WL 174843, at \*1 (E.D.Pa. Jan. 26, 2005) (quoting *Steele v. HCI Direct*, 2004 WL 1699611 (E.D.Pa. July 29, 2004)). The Third Circuit has "equated 'good cause' with a concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(2), which requires a 'demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecomms. Corp.*, 71 F.3d at 1097 (quoting *Petrucelli*, 46 F.3d at 1312). If the court finds that good cause does not exist, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli*, 46 F.3d at 1305 (*see also MCI Telecomm. Corp.*, 71 F.3d at 1098).

Here, the Court finds that Plaintiff has not established good cause for its failure to properly serve Dr. Chaplynsky-Samuelson within 90-days of the filing of her complaint. As

10

discussed above, Plaintiff's method of service did not comply with Rule 4(e)(2)(B) because Plaintiff did not ensure that the person with whom the complaint and summons were left actually lived at the Magnolia, Texas address.  Furthermore, Dr. Chaplynsky-Samuelson's "dwelling or usual place of abode," FED. R. CIV. P. 4(e)(2)(B), is unclear because although her license is registered to 41922 North Mill Drive, Magnolia, Texas, a Texas deputy constable was unable to serve Dr. Chaplynsky-Samuelson at that address because she allegedly "does not live at [the] location."  (Doc. 13 at 1; Doc. 18-14, Ex. K).  After the summons was returned unexecuted by the deputy constable, Plaintiff took no further action to ensure proper service was made.[2]

The Court finds that, while Plaintiff may have had a good faith belief that service had been perfected given the actions of those acting on behalf of Dr. Chaplynsky-Samuelson in corresponding with Plaintiff's counsel, co-defendants, and her own insurance provider, this belief is insufficient to warrant a finding of good cause in this case.  *See, e.g., Everett v. Hills,* 2020 WL 4368154, at *5 (W.D.Pa. July 30, 2020) ("While Plaintiff may have believed that his efforts to serve were effective, the Court notes that 'ignorance of the law does not rise to the level of exhibiting a reasonable basis for [a party's] noncompliance with the

---

[2] Plaintiff makes the argument that "[w]hile Moving Defendant highlights the fact that the deputy constable did not perfect service on Defendant, this is a moot point.  By the time the deputy constable had attempted personal service, Defendant Dr. Chaplynsky-Samuelson was already served and Defendant's daughter was already in communication with the attorneys for Veteran Affair's and Plaintiff's Counsel on behalf of Dr. Chaplynsky-Samuelson." (Doc. 18-1 at 9).  Plaintiff does not cite to any cases to support the proposition that the service issue was "moot" by the time the deputy constable failed to perfect service upon Dr. Chaplynsky-Samuelson.

service requirements of Rule 4.'" (quoting *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D.

521, 527 (M.D.Pa. 2010)); *see also Duc Long v. MTD Products Inc.*, 2016 WL 9774503, at

*3 (E.D.Pa. Dec. 29, 2016) ("Although Plaintiffs claim they believed service had been

proper, a misunderstanding of the law does not provide good cause for its nonadherence.");

*Carinci v. 7-Eleven, Inc.*, 2016 WL 1319724, at *2 (W.D.Pa. April 5, 2016) ("Further, a

plaintiff's 'disregard for … the technical niceties of service of process' does not constitute

good cause." (quoting *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996)).

Accordingly, the Court finds that Plaintiff has not demonstrated good cause basis to

excuse his failure to make timely, proper service on Dr. Chaplynsky-Samuelson.  However,

the Court may still grant an extension of time for Plaintiff to properly serve Dr. Chaplynsky-

Samuelson through the exercise of its discretion.  The Court

> may consider actual notice of the legal action; prejudice to the defendant; the
> statute of limitations on the underlying causes of action; the conduct of the
> defendant; and whether the plaintiff is represented by counsel, in addition to
> any other factor that may be relevant when deciding whether to grant an
> extension or dismiss the complaint.

*Chiang*, 331 F. App'x at 116.

Here, the Court finds that extending Plaintiff's time to properly serve Dr. Chaplynsky-

Samuelson is warranted.  The record clearly shows Dr. Chaplynsky-Samuelson had actual

notice of this action and was working with her adult daughter to identify her malpractice

insurance coverage, correspond with Defendant Veteran's Administration, and retain

counsel to represent her in this matter.  (*See* Doc. 18-9, Ex. F ("My mother Marta

12

Chaplynsky Samuelson received notification of the case Nancy Lee v. United States."); Doc. 18-8, Ex. E; Doc. 18-10, Ex. G; Doc. 18-13, Ex. J).  Plaintiff knew this information because of the correspondence between Plaintiff's counsel and Dr. Chaplynsky-Samuelson's daughter and the attorneys Dr. Chaplynsky-Samuelson spoke with regarding possible representation.  (*Id.*).

Additionally, Plaintiff's decision to wait to seek default judgment demonstrates good faith in dealing with unrepresented opposing parties to allow them sufficient time to retain counsel.  Although Plaintiff sent Dr. Chaplynsky-Samuelson a letter advising her of Plaintiff's intentions to seek default judgment from the Court (*see* Doc. 18-12, Ex. I), Plaintiff chose to wait to pursue default out of a "professional courtes[y]" to Dr. Chaplynsky-Samuelson.  (*See* Doc. 18-13, Ex. J at 2 ("Nonetheless, you graciously agreed to refrain from taking any default for the next 30 days while the doctor and her family seek to sort out representation … I am advising the family of your courtesy but that you will not allow it to continue beyond 30 days."); *see also* Doc. 21 at ¶ 43 ("Punishing the Plaintiff under these circumstances would create a hard precedent where Plaintiff's counsel would think twice about ever extending professional courtesies to unrepresented Defendants and attorneys alike.")).  Plaintiff explained that because she knew about the various efforts made on Dr. Chaplynsky-Samuelson's behalf to identify insurance coverage and retain counsel, she "felt it was not appropriate to rush to file a default judgment let alone doubt whether service was

perfected as the issue of service was never raised by the Defendant or lawyers who contacted Plaintiff [o]n her behalf." (Doc. 21 at ¶ 41; *see also* Doc. 18-1 at 11).

Furthermore, Plaintiff's counsel communicated with individuals on behalf of Dr. Chaplynsky-Samuelson on many occasions both before and after the Texas deputy constable returned the summons as unexecuted. (*See* Doc. 18-8, Ex. E (transcribing a voicemail dated June 18, 2021); Doc. 18-9, Ex. F (displaying an email from July 6, 2021); Doc. 18-10, Ex. G (transcribing a voicemail dated September 10, 2021); Doc. 18-11, Ex. H (letter dated January 3, 2022); Doc. 18-12, Ex. J (letter dated February 21, 2022)). Even though Plaintiff's failure to properly serve Dr. Chaplynsky-Samuelson in accordance with Rule 4(e)(2)(B) is not excused by good cause, Plaintiff's actions based on the information she had from those acting on behalf of Dr. Chaplynsky-Samuelson demonstrate that there is "no evidence that [Plaintiff] filed to timely serve [Dr. Chaplynsky-Samuelson] out of bad faith or conscious disregard of the Federal Rules of Civil Procedure." *Milo, LLC v. Procaccino*, 2020 WL 1853498, at *2 (E.D.Pa. Aril 13, 2020).

Finally, Plaintiff explains that she did not file a motion for enlargement of time to serve Dr. Chaplynsky-Samuelson before Dr. Chaplynsky-Samuelson filed the instant Motion to Dismiss to because she allegedly had had no reason to "doubt whether service was perfected" (Doc. 21 at ¶ 41). As discussed above, Plaintiff's counsel repeatedly corresponded with individuals on behalf of Dr. Chaplynsky-Samuelson and at no point did anyone, including the attorneys who contacted Plaintiff's counsel, raise questions as to the

effectiveness of Plaintiff's service of Dr. Chaplynsky-Samuelson.  Very soon after the

validity of Plaintiff's service of Dr. Chaplynsky-Samuelson was questioned, Plaintiff filed for

an extension of time to remedy the situation.  While this does not excuse the original failure

to properly serve Dr. Chaplynsky-Samuelson, it does show that Plaintiff had no ill intent or

bad motive in waiting to file for an extension of time within which to serve Dr. Chaplynsky-

Samuelson until after she filed the Motion to Dismiss.

      The Third Circuit prefers "that cases be disposed of on the merits whenever

practicable."  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (collecting cases).

Here, the Court finds it would be an appropriate exercise of discretion to grant Plaintiff an

extension of time to properly serve Dr. Chaplynsky-Samuelson in accordance with Rule 4.

Accordingly, the Court will deny Dr. Chaplynsky-Samuelson's Motion to Dismiss (Doc. 17)

and will grant Plaintiff's Motion for Extension of Time (Doc. 21) based on its discretionary

authority to grant such Motion.

## IV. CONCLUSION

For the aforementioned reasons, the Court will deny Defendant Dr. Chaplynsky-Samuelson's Motion to Dismiss of Defendant, Marta Chaplynsky-Samuelson, MD< Pursuant to Federal Rule of Civil Procedure 12(b)(5) (Doc. 17) and will grant Plaintiff's Motion for Enlargement of Time to Serve Defendant Marta Chaplynsky-Samuelson, MD, Pursuant to Federal Rule of Civil Procedure 4(m) (Doc. 21).

Robert D. Mariani
United States District Judge